Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                  Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBIN ANDERSON** | : | No. |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **CENTRA ASSOCIATES, L.P.** | : | |
| and | : | |
| **E-Z PARK, INC.** | : | **COMPLAINT** |
| | : | |
| Defendants | : | |

**<u>PRELIMINARY STATEMENT</u>**

Robin Anderson (the "Plaintiff"), by and through her counsel, brings this lawsuit against Centra Associates, L.P., and E-Z Park Inc., seeking all available relief under the Americans with Disabilities Act for their failure to comply with the Act's accessibility requirements. Plaintiff is seeking injunctive relief requiring the Defendants to remove the accessibility barriers which exist at their parking facility.  The allegations contained herein are based on Plaintiff's personal experience.

## I.  JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II.  VENUE

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III.  PARTIES

5. Plaintiff is a 54 year-old adult female who currently resides in Burlington County, New Jersey.

6. Plaintiff is a disabled individual.

7. Centra Associates, L.P. ("Defendant Centra") is a domestic limited partnership registered with the Pennsylvania Department of State under entity identification number 809560.

8. According to the Philadelphia Board of Revision of Taxes, Defendant Centra is listed as the owner of the property located at 36 South Front Street, Philadelphia, Pennsylvania 19106, having a tax account number of 885761000.

9. E-Z Park, Inc., ("Defendant E-Z") is a domestic corporation registered with the Pennsylvania Department of State under entity identification number 702660.

10. Defendant Centra and Defendant E-Z are collectively referred to herein as the "Defendants."

11. The Defendants have a business address of 111 Chestnut Street, Philadelphia, Pennsylvania 19106.

## IV. <u>STATEMENT OF FACTS</u>

### *The Parking Facility*

12. Defendant Centra owns a public parking lot located at 36 South Front Street, Philadelphia, Pennsylvania 19106 (the "Parking Facility").

13. Upon information and belief, Defendant E-Z manages the Parking Facility for Defendant Centra.

14. For a fee, an individual can park a vehicle in the Parking Facility at the prevailing market rates.

15. The Parking Facility has approximately sixty (60) parking spaces.

16. As of July 10, 2017, the Parking Facility had no handicap-accessible parking spaces for cars which had adjacent 60-inch access aisles.

17. As of July 10, 2017, the Parking Facility had no handicap-accessible parking spaces for vans which had adjacent 96-inch access aisles.

18. As of July 10, 2017, the Parking Facility two handicap-accessibility signs.

### *The Plaintiff*

19. The Plaintiff has multiple sclerosis ("MS"), an auto-immune disease of the central nervous system.

20. The Plaintiff is a disabled individual within the meaning of the ADA.

21. The Plaintiff uses a cane to ambulate.

22. When her MS flares up, she uses a wheelchair for mobility.

23. The Plaintiff possesses a handicapped parking placard issued by the State of New Jersey.

24. The Plaintiff's handicapped parking placard permits her to park her vehicle in spaces designated as being handicap-accessible.

25. When the Plaintiff travels to Philadelphia she is often unable to find parking on the streets.

26. Plaintiff parks in a parking garage or parking lot when on-street parking is not available.

27. The Plaintiff has previously patronized the Parking Facility.

28. The Plaintiff is deterred from patronizing the Parking Facility because of its' lack of usable handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

29. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

30. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

31. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

32. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

33. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

34. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

35. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

36. Discrimination under the ADA includes the failure to remove architectural barriers where such removal is easily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

37. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

38. Under Title III, places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

39. "Facility" means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

40. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

41. March 15, 2012 was the compliance date for using the 2010 ADA Standards for program accessibility and barrier removal.[1]

42. Under the ADA, businesses or privately-owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

*Accessible Parking under the ADA*

43. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |

[1] https://www.ada.gov/2010ADAstandards_index.htm
[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

| 301 to 400 | 8 |
|---|---|
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

44. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[3]

45. The width of a parking space is measured from the center of each parking line bordering the parking space.[4] (**See Exhibit A**)

46. The ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60 (sixty) inches wide. (**See Exhibit A**)

47. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[5]

48. Creating designated accessible handicap spaces is just one example of a barrier removal. 28 C.F.R. § 36.304(b)(18).

49. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.[6]

---

[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[4] Id.
[5] Id.
[6] https://www.ada.gov/restripe.pdf

*Valet Parking*

50. The 1991 Standards of the ADA and the 2010 Standards of the ADA require parking facilities that provide valet parking services to have an accessible passenger loading zone.[7]

51. The 2010 ADA Standards require that valet facilities to also provide accessible parking spaces.[8]

52. Valet parking facilities must have an accessible passenger loading zone that has an access aisle that is a minimum of 60 (sixty) inches wide and extends the full length of the vehicle pull-up space. (**See Exhibit B**)

53. The 1991 ADA Standards and the 2010 ADA Standards both require a passenger loading zone to have a vehicle pull-up space that is a minimum of 96 (ninety-six) inches wide and a minimum of 20 (twenty) feet in length.[9] (**See Exhibit B**)

54. The passenger loading zone must be located on an accessible route to the entrance of the facility.[10]

*Accessible Routes under the ADA*

55. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[11]

56. This route, which must be at least three feet wide, must remain accessible and not be blocked.[12]

---

[7] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[8] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[9] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[10] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.6.6
[11] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS
[12] Id.

57.  In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility.[13]

*Signage and the ADA*

58. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[14]

   (**See Exhibit C**)

59. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

60. The ISA must be used to identify accessible passenger loading zones.

61. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

62. Parking space identification signs shall be 60 (sixty) inches minimum above the finish floor or ground surface measured to the bottom of the sign.[15]

## COUNT I –

## FAILURE TO PROVIDE PROPERLY CONFIGURED HANDICAP-ACCESSIBLE PARKING SPACES

63. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

---

[13] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.3
[14] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1
[15] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

64. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

65. The major life activity that the constitutes the Plaintiff's disability is her difficulty in walking because of her MS.

66. As of July 10, 2017, the Defendants failed to provide 96-inch wide handicap-accessible parking spaces for cars which have a 60-inch adjacent access aisles at the Parking Facility. (**See Exhibit D**)

67. As of July 10, 2017, the Defendants failed to provide any 96-inch wide handicap-accessible parking spots for vans which have an accompanying 96-inch wide adjacent access aisle.

68. The Parking Facility's failure to provide handicap-accessible parking spaces with the properly sized access aisles has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

69. Defendant Centra is responsible for ensuring the Parking Facility's compliance with the ADA.

70. Defendant E-Z is responsible for ensuring the Parking Facility's compliance with the ADA.

71. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

72. The Defendants can remedy their non-compliance by creating access aisles which conform to the dimensional requirements of the ADA.

73. The Defendants' failure to comply with the ADA has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

74. Because her walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA.

75. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA.

WHEREFORE, Plaintiff, seeks to injunctive relief requiring the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II-

## FAILURE TO COMPLY WITH THE SIGNAGE & ACCESS REQUIRMENTS UNDER THE ADA

76. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

77. As of July 10, 2017, the Parking Facility did not have any marked accessible routes.

78. As of July 10, 2017, the Parking Facility did not locate any handicap-accessible parking spaces in areas which were closest to the sidewalks along the street.

79. As of July 10, 2017, the Parking Facility did not have more than two handicap-accessible parking signs.

80. The Defendants can remedy their non-compliance by reallocating existing parking spaces and painting border lines which conform to the dimensional requirements of the ADA for handicap-accessible parking spaces and access aisles.

81. Because her walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA handicap-accessible parking requirements.

82. The Defendants' failure to comply with the ADA handicap-accessible parking requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

83. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA handicap-accessible parking requirements.

WHEREFORE, Plaintiff, seeks to injunctive relief requiring the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully Submitted,


By: /s Franklin J. Rooks Jr.
FJR5566

By: /s Jared A. Jacobson.
JAJ2397


Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North, Suite 104
Marlton, NJ 08053
T: (856) 874-8999
F: (856) 494-1707
Attorneys for the Plaintiff
Dated: July 10, 2017

## <u>CERTIFICATE OF SERVICE</u>

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF

system.

Respectfully Submitted,


By: /s Franklin J. Rooks Jr.
FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North, Suite 104
Marlton, NJ 08053
T: (856) 874-8999
F: (856) 494-1707
Attorneys for the Plaintiff
Dated: July 10, 2017

## EXHIBIT A

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



## EXHIBIT B

Source: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-passenger-loading-zones

**Access Aisle (§503.3)**
*A marked access aisle is required next to, and at the same level as, the vehicle pull-up space. The access aisle must be at least 60" wide, extend the full length of the vehicle pull-up space, adjoin an accessible route, and cannot overlap vehicular ways. The marking method and color is not specified.*

**Vehicle Pull-Up Space (§503.2)**
*The vehicle pull-up space must be at least 96" wide and at least 20' long.*



**Surfaces (§503.4)**
*Vehicle pull-up spaces and access aisles must meet requirements for ground and floor surfaces (§302) and cannot have changes in level other than slopes not steeper than 1:48. Curb ramps cannot overlap access aisles or vehicle pull-up spaces.*

**Vertical Clearance (§503.5)**
*A vertical clearance of 114" is required at the vehicle pull-up space and access aisle and along a vehicular route connecting them to a vehicle entrance and exit.*

*Accessible passenger loading zones are not required to be identified by the International Symbol of Accessibility.*

**EXHIBIT C**



Figure 3B-22. International Symbol of Accessibility Parking Space Marking

Height of symbol:
Minimum = 28 inches
Special = 41 inches

Width of symbol:
Minimum = 24 inches
Special = 36 inches

★Stroke width:
Minimum = 3 inches
Special = 4 inches

Note: Blue background and
white border are optional

**EXHIBIT D**



**EXHIBIT D (continued)**

